IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TIMOTHY J. VAUGHN,<br><br>   Plaintiff,<br><br>v.<br><br><br>NICHOLAS BRENING et al.,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT<br><br>Case No. 2:25-cv-00229-JNP<br><br>Chief District Judge Jill N. Parrish |

Plaintiff Timothy J. Vaughn, who is currently being detained by Salt Lake County before his trial, brought this action pro se raising civil rights claims under 42 U.S.C. § 1983.[1] Having now screened the complaint under its statutory review function, 28 U.S.C. § 1915A,[2] the court

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law [or] suit in equity.

42 U.S.C. § 1983.

[2] The screening statute reads:

> (a) Screening.--The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

ORDERS Plaintiff to file an amended complaint curing deficiencies if he would like to further pursue his claims. ECF No. 1 ("Compl").

## COMPLAINT DEFICIENCIES

The complaint as written contains the following deficiencies:

1. It does not list the defendants in its caption.

2. It does not affirmatively link each individually named defendant to each element of the alleged civil rights violations.

3. It does not adequately reflect the difference between suing defendants in their individual capacity and suing defendants in their official capacity.

4. It does not concisely link each element of the claim of improper medical treatment to each individually named defendants.

5. It fails to engage with the necessary requirements to hold local governments entities liable under federal civil rights laws.

Many of these deficiencies implicate legal principles that are discussed in the next section.

## GUIDANCE

To the extent that Plaintiff wishes to file an amended complaint, the following legal principles may be instructive:

1. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for

---

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

the relief sought." Rule 8's requirements are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991). Pro se litigants are not excused from meeting these requirements. The Tenth Circuit has held that "[t]his is so because" at least in theory "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury" that will enable the court claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

2. The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). An amended complaint may not be added to after filing without moving for amendment. Fed. R. Civ. P. 15.

3. Each defendant should be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

4. The complaint must clearly state what each individual defendant—typically, a named government employee—did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must

3

make clear exactly *who* is alleged to have done *what* to *whom*." *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (citation modified) (emphasis in original). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred. Each cause of action, together with the facts and citations that directly support it, should be stated separately.

5. "The plaintiff must demonstrate the defendant *personally participated* in the alleged constitutional violation at issue. *Est. of Roemer v. Johnson*, 764 F. App'x 784, 790 (10th Cir. 2019) (citation modified) (emphasis added). The Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*. at 790 n.5. Given this requirement, Plaintiff may not name an individual as a § 1983 defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996). And a grievance denial alone, unconnected to a "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

6. "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

7. There is an important distinction between suing a government official in their official capacity and suing the official in their individual capacity. "[O]fficial-capacity suits

generally represent only another way of pleading an action against an entity of which an officer is an agent. By contrast, individual-capacity suits seek to impose individual liability upon a government officer for actions taken under color of state law." *Coates v. Reigenborn*, No. 22-1339, 2023 WL 6810961, at *3 (10th Cir. Oct. 16, 2023). To adequately assert causation against a defendant in an individual capacity, the plaintiff must allege facts showing that the defendant "set in motion a series of events that he knew or reasonably should have known would cause others to deprive [the plaintiff] of her constitutional rights." *Perry v. Durborow*, 892 F.3d 1116, 1122 (10th Cir. 2018) (citation modified). Conversely, to adequately assert causation against a defendant in an official capacity, the plaintiff must first identify an official policy or custom and then establish that the challenged policy or custom was "the moving force behind the injury [alleged]." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 405 (1997).

8. "Although the Eighth Amendment protects the rights of convicted prisoners, the Fourteenth Amendment extends the Eighth Amendment's degree of protection against denial of medical attention to pretrial detainees." *Jarvis v. Liggett*, 179 F.4th 763, 774 (10th Cir. 2026) (citation modified). To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Any Eighth Amendment claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?" and (2) "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The subjective component requires the plaintiff to show that prison officials were

consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

9. The following principles apply to suing local governmental entities in a federal civil rights action:

> A plaintiff may bring a 42 U.S.C. § 1983 suit for alleged constitutional violations that arise from the policies or practices of a municipal police department. Typically, if a plaintiff alleges wrongdoing on the part of a municipal police department, the plaintiff must name as a defendant the county, city, or other form of local government that oversees the police department, rather than the police department itself. *See, e.g.*, *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing the "City of Denver Police Department" as a defendant because it "is not a separate suable entity" from the City of Denver). This is because municipal departments, such as police departments, are generally not considered separate legal entities from the local government they serve. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) ("In order for a plaintiff to sue a city department, it must 'enjoy a separate legal existence'". (quoting *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979))). That is, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.*

6

"Local governing bodies" overseeing a municipal department "can be sued directly under § 1983" for declaratory and injunctive relief, as well as damages, where "the action that is alleged to be unconstitutional implements or executes" a policy or custom attributable to the municipality. *Monell*, 436 U.S. at 690-91. A policy can include "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. However, a formal policy need not originate from the local government itself; it can be issued by a municipal department or its officials. Id. at 694 (holding that a local government is liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edict*s or acts may fairly be said to represent official policy*, inflicts the injury that the government as an entity is responsible under" (emphasis added)).

*Monell* demonstrates how this works in practice. *Id*. at 660-61. There, the plaintiffs challenged formal policies of the Department of Social Services and the Board of Education of the city of New York, which at the time required all pregnant employees to take an unpaid leave of absence without regard to medical necessity. *Id.* Those policies were issued by the city's departments, not literally by the city itself, yet the city was still liable for them. *Id.*

*Brown v. City of Tulsa*, 124 F.4th 1251, 1264-65 (10th Cir. 2025).

## CONCLUSION AND ORDER

The court ORDERS as follows:

1. To the extent Plaintiff wishes to continue this action, he must cure the Complaint's deficiencies noted above by filing a document entitled, "Amended Complaint," within thirty days that does not refer to or include any other document.

2. The clerk's office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use to pursue an amended complaint.

3. If Plaintiff fails to timely cure the above deficiencies according to this order's instructions, this action will be dismissed without further notice.

4.  The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the complaint, signed March 4, 2025. The court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

5.  Plaintiff must inform the court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

6.  Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than fourteen days before the deadline to be extended.

7.  No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

8.  Plaintiff must observe the following District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with:

8

(1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." D. Utah. Civ. R. 83-1.6(a).

9.  Plaintiff's motion for a scheduling hearing is DENIED. ECF No. 20 ("Pl.'s Mot. for Scheduling Hr'g"). The court sees no need for a hearing at this time and will schedule any further litigation at its own discretion.

10. Plaintiff's "motion to waive court and clerk appointed fees and provide waiver of fees for case-related documents or papers" is DENIED. ECF No. 23 ("Pl.'s Mot. to Waive Fees"). Plaintiff has not specified documents or papers requested except for a copy of the docket. Further, he has not included financial documentation to support his motion—e.g., a copy of his current inmate-account statement. Still, with a copy of this order, the clerk of court is directed to send Plaintiff a copy of the current docket.

11. Plaintiff's motion for default judgment is DENIED. ECF No. 24 ("Pl.'s Mot. for Default J."). There is no valid complaint on file as of this order. And no defendants have been served yet. *See* 28 U.S.C.S. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases.").

DATED July 31, 2026

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge